UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

BRYAN SCOTT,

                              Plaintiff,

      -against-

CITY OF NEW YORK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

      Plaintiff BRYAN SCOTT, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff BRYAN SCOTT is a thirty-year-old Black male resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On March 29th, 2023, at approximately 6:00 p.m., plaintiff was in the rear passenger side of a vehicle on 115th Street, between First and Second Avenues, in Manhattan, New York, when defendant NYPD officers approached the vehicle at a high rate of speed, pulling behind the vehicle plaintiff was seated in.

13. The defendant officers approached plaintiff, pulled him out of the vehicle, and began to handcuff him without explanation.

14. Plaintiff was thereafter slammed to the ground and held face down with defendant officers on top of him restricting his breathing.

15. Plaintiff informed them that he could not breathe and was then pulled to his feet.

16. The defendant officers finished handcuffing plaintiff.

17. Once handcuffed, a defendant officer stated, in sum and substance, "put him in the car headfirst."

18. Not wanting to be placed in the vehicle in a prone position, plaintiff again verbally protested.

19. In response, the defendant officers picked plaintiff up by his arms and feet, carrying him parallel to the ground, and forcefully placed plaintiff headfirst into the back seat of a police vehicle on his stomach.

20. As plaintiff continued to cry out due to the defendants' maltreatment, a defendant officer stated, in sum and substance, "stop resisting or I am going to break it" and thereafter the defendant officer twisted plaintiff's ankle and slammed the car door shut.

21. Plaintiff was not resisting when this occurred.

22. Plaintiff was transported to the 23rd precinct.

23. Upon arriving, after defendant officers removed him from the vehicle, plaintiff tried to stand but was unable to due to his ankle being injured.

24. Plaintiff informed the defendant officers he needed medical attention, but his requests were ignored.

25. During his initial processing, plaintiff was forced to stand on his injured ankle causing him physical and mental pain.

26. Plaintiff was eventually placed in a cell and EMS thereafter arrived. EMS, however, only provided plaintiff with an ice pack despite his obvious need for further treatment.

27. Plaintiff continued to be held at the precinct for several hours in pain.

28. Eventually, after further complaints, EMS returned at approximately 1:00 a.m., evaluated plaintiff's ankle, and thereafter placed plaintiff in a wheelchair and then transported him to Metropolitan Hospital, where he was diagnosed with a fractured ankle and placed in a hard cast.

29. Plaintiff returned to the 23rd precinct in police custody, and was thereafter transported to central booking, and from there to Rikers Island.

30. Once at Rikers Island, plaintiff was placed in intake for approximately two days without receiving adequate medical treatment, and was thereafter placed in general population despite his injuries.

31. Plaintiff was provided inadequate care for his injuries while housed as Rikers Island causing plaintiff to suffer further pain and emotional distress.

32. Defendants JOHN and JANE DOE 1 through 10 directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct in their supervisory

capacity.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff BRYAN SCOTT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force.

39. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the

Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

40. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

41. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.

42. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

43. As a result of the foregoing, plaintiff BRYAN SCOTT sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendants John Doe 1 and 2)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff BRYAN SCOTT'S constitutional rights.

46. As a result of the aforementioned conduct of defendants, plaintiff BRYAN

SCOTT was subjected to excessive force and sustained serious physical injuries and emotional distress.

47. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against John and/or Jane Doe Defendants)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants had an affirmative duty to intervene on behalf of plaintiff BRYAN SCOTT, whose constitutional rights were being violated in their presence by other officers.

50. Defendants failed to intervene to prevent the unlawful conduct described herein.

51. As a result of the foregoing, plaintiff BRYAN SCOTT was subjected to excessive force, and he was put in fear of his safety.

52. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THRID CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against John and/or Jane Doe Defendants)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The supervisory defendants personally caused plaintiff's constitutional injury by

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

55. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FORTH CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York</u>)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The City of New York engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff BRYAN SCOTT'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff BRYAN SCOTT.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff BRYAN SCOTT as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff BRYAN SCOTT as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff BRYAN SCOTT was subjected to physical abuse.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff BRYAN SCOTT'S constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff BRYAN SCOTT of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from the failure to intervene.

65. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

68. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

70. Plaintiff has complied with all conditions precedent to maintaining the instant action.

71. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against Defendants City of New York and John Doe 1 and 2)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. As a result of the foregoing, plaintiff BRYAN SCOTT was placed in apprehension of imminent harmful and offensive bodily contact.

74. As a result of defendant's conduct, plaintiff BRYAN SCOTT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

76. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against Defendants City of New York and John Doe 1 and 2)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants made offensive contact with plaintiff BRYAN SCOTT without privilege or consent.

79. As a result of defendants' conduct, plaintiff BRYAN SCOTT suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. Defendant City, as employer of defendants is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered plaintiff BRYAN SCOTT.

84. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

88. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against defendants City of New York and John Doe 1 and 2)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. Defendant City, as employer of defendants, is responsible for their negligent acts under the doctrine of *respondeat superior*.

92. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 against All Defendants)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Plaintiff BRYAN SCOTT's right to be free from excessive force and/or failure to intervene was violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

95. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

96. Qualified immunity is no defense to this claim.

97. As a result of the foregoing, plaintiff BRYAN SCOTT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff BRYAN SCOTT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
       June 27, 2024

>                                    BRETT H. KLEIN, ESQ., PLLC
>                                    Attorneys for Plaintiff BRYAN SCOTT
>                                    305 Broadway, Suite 600
>                                    New York, New York 10007
>                                    (212) 335-0132
>
>                            By:     *Brett Klein*
>                                    _____
>                                    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

BRYAN SCOTT,

                                  Plaintiff,

                                                                       Index No.

       -against-

CITY OF NEW YORK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132